FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff
ELOY BAEZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY BAEZA,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Daifuku North America Holding Company Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Daifuku North America Holding Company ("DAIFUKU"), to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, ELOY BAEZA ("Plaintiff" and/or Mr. BAEZA"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of DAIFUKU, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy LK-0965121 (the "Policy") that had been issued by Defendant LINA to DAIFUKU to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, LINA both

funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 180 Days
- Gross Disability Benefit: The lesser of 60% of an Employee's monthly Covered Earnings rounded to the nearest dollar, or the Maximum Disability Benefit.
- Maximum Disability Benefit: $10,000 per month
- Definition of Disability/Disabled:
  - The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
    - 1. Unable to perform the material duties of his or her Regular Occupation; and
    - 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
  - After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
    - 1. unable to perform the material duties of any occupation for which he or she is, or becomes qualified based on education, training or experience; and
    - 2. Unable to earn 60% or more of his or her Indexed Earnings.

10. Prior to his disability under the terms of the Plan, Plaintiff, who had been employed with DAIFUKU, was working as a Field Service Engineer.

11. On or about June 5, 2019, Plaintiff became disabled as defined by the

terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. LINA initially approved Plaintiff's claim and paid Plaintiff long term disability benefits.

13. However, on or about October 26, 2021, LINA unreasonably and unlawfully denied Plaintiff's long term disability claim on the alleged basis that Plaintiff failed to cooperate in the administration of his claim. LINA terminated benefits as of October 26, 2021.

14. Plaintiff timely appealed LINA's October 26, 2021 denial letter.

15. And, on or about March 18, 2022, LINA unreasonably and unlawfully upheld its denial of the disability claim, on the alleged basis that Plaintiff was no longer disabled under the terms of the policy.

16. LINA's March 18, 2022 letter therefore alleged a separate basis for its denial than its October 26, 2021 denial letter.

17. Additionally, in its March 18, 2022 letter, LINA approved Plaintiff's claim and paid Plaintiff further LTD benefits from October 27, 2021 through December 1, 2021.

18. According to LINA's denial letters:

- **October 26, 2021:** "After completing our review of your claim, we are unable to continue paying benefits beyond October 26, 2021. …Since you failed to cooperate in the administration of your claim, it has been closed and no further benefits are payable. …You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."
- **March 18, 2022:** "After completing our review of your claim, have determined that additional LTD benefits support from October 27, 2021 through December 1, 2022. However, as you would not be totally disabled from any occupation, ongoing LTD benefits as of

December 2, 2021 do not support. …At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered. …Please note that you have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

19. Because LINA denied the claim on March 18, 2022 on a separate basis than it denied Plaintiff's claim on October 26, 2021, and because LINA paid additional LTD benefits in its March 18, 2022 letter, Plaintiff attempted to appeal the claim on September 13, 2022, and requested additional time to supplement Plaintiff's appeal request with additional records at a later date.

20. However, on or about September 14, 2022, LINA denied Plaintiff's appeal request.

21. According to LINA's letter dated September 14, 2022:

a. "Please note that Mr. Baeza previously appealed the decision to deny their Long Term Disability (LTD) benefits. After a review of their appeal, a decision was made to affirm the prior denial on March 18, 2022. The letter dated March 18, 2022 indicates that he had exhausted all administrative levels of appeal and no further appeals would be considered. …At this time, we are unable to accept any further appeal request for LTD benefits or WOP coverage."

22. In so doing, LINA unreasonably and unlawfully failed to allow Plaintiff to appeal its March 18, 2022 denial, despite LINA denying the claim on a separate basis than its October 26, 2021 denial letter, and despite LINA establishing a new benefit termination date in its March 18, 2022 letter.

23. By failing to timely process Plaintiff's appeal, LINA has failed to follow reasonable claim procedures consistent with the requirements of 29 C.F.R. § 2560.503-1, and is in violation of 29 C.F.R. § 2560.503-1(l).

24. As a result of LINA's failure to follow reasonable claim procedures, Plaintiff has exhausted his administrative remedies or such remedies are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(l).

25. Additionally, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Policy.

26. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability and entitled him to benefits under the Plan.

27. To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits under the Policy since on or about December 1, 2021. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and
- LINA ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and
- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physicians' opinions do not serve as substantial evidence

as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

28. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

29. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plan since on or about December 2, 2021.

30. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

31. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan's definition of disability and consequently is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of his claim through the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about December 2, 2021, together with interest at the legal rate on each monthly payment

from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan; and,

2. An order determining Plaintiff is entitled to disability payments/benefits so long as he remains disabled as defined in the Plan; and/or,

3. An order determining Plaintiff is entitled to an additional administrative review pertaining to the denial of Plaintiff's benefits beyond December 1, 2021; and,

4. For reasonable attorney fees and costs incurred in this action; and,

5. For such other and further relief as the Court deems just and proper.

Dated: November 17, 2022

DarrasLaw

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
ELOY BAEZA